IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN R. SUNDERMAN,<br><br>        Plaintiff,<br><br>v.<br><br>OWEN INDUSTRIES, INC., an Iowa Corporation,<br>        Defendant. | Case No. 8:15cv-00374<br><br>**STIPULATED PROTECTIVE ORDER** |

Upon the stipulation of the parties, and the Court's acceptance of the same,

**IT IS HEREBY ORDERED** that a Protective Order is granted and entered as follows:

**1.      Nondisclosure of Confidential Documents and/or Information.**

(a)      "Document" means, without limiting its generality, any physical thing containing information or any written, electronic, recorded, graphic or other matter, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, belts, charges, film, computer storage devices or any other medium, including but not limited to all documents necessary to the comprehension or understandings of any designated document, such as computer code or metadata, and includes but is not limited to originals, drafts, redrafts and each separate copy of each document, and further includes pleadings, memoranda, discovery responses and other documents filed, served or exchanged in the above captioned action.

(b)      "Information" shall mean all knowledge or information, regardless of the form in which such knowledge or information is communicated, and including the contents of any written or electronic documents, testimony or other communications.

1

(c) All Documents and Information produced in discovery (including in response to subpoenas to third parties) shall be used only for purposes of preparation and trial in this action or other litigation (if any) between the parties (including appeals and retrial) and shall not be used for any other purpose, except: as may be agreed or consented to by the parties on request with respect to particular Documents and Information (with consent not being unreasonably withheld); for internal legitimate business purposes without disclosure to third parties; and in response to a subpoena or similar request in a court or administrative proceeding.

(d) Except with prior written consent of the party designating a Document or Information to be protected from disclosure or as set forth in Paragraph 2 below, no Document or Information designated as CONFIDENTIAL may be disclosed to any person or entity. A party (including a third party subpoena recipient) who produces a Document or Information, or concerning whom a Document or Information (produced by others) relates, may designate it as CONFIDENTIAL when the party in good faith believes it contains proprietary information, trade secrets, privileged information, or nonpublic technical, financial, personal or business information. A Document or Information designated as CONFIDENTIAL means any document which bears the legend CONFIDENTIAL and the Information contained therein, or, if it is not feasible to label the Document or Information, which the producing party indicates via cover letter or otherwise at the time of production, provision or communication is being produced, provided or communicated as CONFIDENTIAL, or which (and from the date of such indication) the non-producing designating party indicates as CONFIDENTIAL.

(e) A party receiving from another party any Document or Information that has been designated as CONFIDENTIAL may in good faith object in writing to the designation and must state the reasons for such objection with respect to each item. The parties shall then meet and

confer in good faith regarding the objection and designation. If the parties are unable to come to an agreement regarding the objection and designation, the party challenging the designation shall be obligated either to withdraw the objection or to file a motion with the Court challenging such designation, with the designating party retaining the burden of demonstrating the appropriateness of the designation. The party objecting to the designation shall treat the Document and/or Information whose designation is objected to as CONFIDENTIAL in accordance with this Order until there is a ruling by this Court sustaining the objection or the designation.

(f) This Stipulated Protective Order shall be without prejudice to the right of any party to: bring before the Court at any time the question of whether any Information or Documents (or other discovery) are confidential or are appropriate for protective relief; object to the production of any Information or Documents (or other discovery) the party reasonably considers not subject to discovery or object to their use at trial; and/or apply to or move the Court for an order compelling production of or seeking other protective relief concerning any Information or Documents (or other discovery) or modifying this Stipulated Protective Order.

2. **Permissible Disclosures of CONFIDENTIAL Documents and/or Information.**

Notwithstanding Paragraph 1 above, a Document or Information designated as CONFIDENTIAL may be disclosed to:

(a) the parties, their employees, and their legal counsel (including in-house counsel) in these proceedings;

(b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

(c) persons with prior knowledge of the Document or Information designated as CONFIDENTIAL and all confidential information contained therein;

(d) experts who will be consulted to provide professional opinions to the parties or their legal counsel based upon a review of the CONFIDENTIAL Document or Information and their staff to the extent reasonably necessary to render expert services in the litigation;

(e) court officials involved in this litigation, including court reporters;

(f) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(g) Professional Vendors, meaning persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, provided that an authorized representative of the Professional Vendor has signed a Nondisclosure Agreement in the form attached hereto as Exhibit "A";

(h) any other individual (including former employees of any of the parties and their counsel) whom counsel in good faith believes is a bona fide potential or actual witness and has Information or knowledge pertinent to the prosecution or defense of this action, and who has been advised of the contents of this Protective Order and has signed a Nondisclosure Agreement in the form attached hereto as Exhibit "A."

### 3. Securing Confidential Documents and Information.

Counsel for the parties must keep all Documents and Information designated as CONFIDENTIAL under this Stipulated Protective Order in a secure area. Prior to receiving any Document or Information designated as CONFIDENTIAL, any person identified in Paragraphs 2(d), 2(g), or 2(h) above shall be provided with a copy of this Stipulated Protective Order and agree to be bound by its terms, and shall certify such agreement by signing a Nondisclosure Agreement in the form attached hereto as Exhibit "A." Such persons provided CONFIDENTIAL

Documents shall return all CONFIDENTIAL Documents to Counsel upon termination of this litigation, including any appeals. Counsel making disclosures to any person described herein shall retain the originally executed Nondisclosure Agreement until final resolution of this litigation, including any appeals.

4. **Confidential Documents and Information in Depositions.**

(a) During a deposition, a deponent may be shown and/or examined about Documents or Information designated as CONFIDENTIAL only if the deponent is one of the persons or entities designated in Paragraph 2 and/or in compliance with the provisions of Paragraph 2. Deponents shall not retain or copy portions of the transcripts of their depositions designated as CONFIDENTIAL or that contain confidential information not provided by them or their employers or the entities they represent. A deponent who is not a party or an employee or other representative of a party shall be furnished a copy of this Order before being examined or asked to produce Documents or provide Information potentially subject to this Order.

(b) If a party's counsel reasonably believes that a question asked at a deposition contains or could elicit CONFIDENTIAL information, then counsel may notify all other counsel on the record and thereafter only those persons permitted by this Stipulated Protective Order to receive such Information may be present during the disclosure or discussion of such Information.

(c) Parties (including third-party subpoena recipients and deponents) may, within fourteen (14) calendar days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as CONFIDENTIAL by underlining the portions of the pages that are confidential and marking such pages. Until the expiration of the fourteen (14) calendar days period, the entire deposition will be treated as CONFIDENTIAL pursuant to this Order. If no party (including a third-party subpoena recipient) or deponent timely designates Information

5

(including exhibits) or testimony in a deposition as CONFIDENTIAL, then none of the transcript or its exhibits will be treated as material protected by this Order.

(d) Should a deposition witness refuse to sign or agree to the Nondisclosure Agreement attached hereto as "Exhibit A," the requirements of "Exhibit A" may be satisfied by the court reporter or any counsel or other officer of the court reading this Order aloud to the witness and indicating on the record that it was read to the witness.

5. **Filing and Use at Trial.**

(a) If Information or Documents designated as CONFIDENTIAL are included in any pleading or other document to be filed with the Court, they shall be labeled CONFIDENTIAL and filed under seal or otherwise submitted in accordance with the Court's rules. Any party claiming confidentiality with respect to the Information or Documents may file a motion to seal the records.

(b) Unless otherwise directed by this Court, nothing in this Order shall preclude the use of Documents or Information designated CONFIDENTIAL at hearings or trial before this Court. The parties agree, however, subject to the discretion of this Court, that they will request the Court to maintain the confidentiality of any such Documents or Information during all court proceedings, including trial and any appeal in this action.

6. **Inadvertent Disclosure.**

(a) If a party (including a third-party subpoena recipient), through inadvertence or otherwise, produces any Information or Documents without labeling or marking or otherwise designating it as CONFIDENTIAL in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the Document or Information produced is deemed confidential and should be treated as such in accordance with the provisions

of this Order. The receiving party must treat such Documents and Information as confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, to persons not authorized to receive confidential Documents or Information shall not be deemed to be a violation of this Order.

(b) If a party (including a third-party subpoena recipient), through inadvertence or otherwise, produces any Document or Information that it believes is immune from discovery pursuant to the attorney-client privilege and/or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the Document or Information produced is deemed privileged and that return of the Document or Information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the Document or Information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party, and the Information contained therein shall not be used or relied upon in any way by the receiving party other than for the purpose of challenging before this Court the assertion of privilege. The return of the Document(s) and/or Information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned Documents and/or Information.

7. **Use.**

If another court, administrative agency, tribunal, person, or entity subpoenas or orders production of Information or Documents designated as CONFIDENTIAL that a party has obtained pursuant to this Order, that party shall promptly notify the producing and designating party of the subpoena or production order. Such notice must be provided in sufficient time to give the producing and designating party, if possible, the opportunity to participate in quashing,

7

modifying, or otherwise responding to any compulsory process in an appropriate and timely manner. Upon the filing by the producing or designating party of a motion to quash or for protective order, the subpoenaed party shall withhold production of Documents or Information during the pendency of the motion, unless required by law (or court order) not to withhold production.

**8. Non-Termination.**

The provisions of this Order shall survive the termination of this action, including any appeals, and continue in full force and effect until further order of this Court. Within 60 days after final conclusion of all aspects of this litigation, including any appeals, Documents designated as CONFIDENTIAL or Documents containing CONFIDENTIAL Information, and all copies of same, shall be returned upon written request to the party or person that produced or designated as CONFIDENTIAL such Documents or Information, or, at the option of the receiving party, shall be destroyed, and with the receiving party providing within a reasonable time a written certification of such destruction, except that counsel may retain one copy of all such documents as part of a permanent litigation file that is otherwise subject to the confidentiality restrictions set forth herein and the foregoing shall not be construed as creating any obligation to disclose Documents or Information protected by the attorney-client privilege or subject to the attorney work product rule.

**9. Modification.**

Nothing in this Stipulation and Protective Order shall prevent any party or other person from seeking modification of this Stipulated Protective Order or from objecting to discovery that it believes to be otherwise improper.

**10. Matters of Public Record.**

This Stipulated Protective Order shall not limit use or disclosure of any Document or Information which:

(a) was already a matter of public record before its receipt by discovery in this litigation or through the pleadings, memoranda or other exchanges of information in the course of this litigation; or

(b) became a matter of public record after its receipt without fault, negligence or a violation of this Stipulated Protective Order.

Further, nothing in this Order shall limit any party or person in his, her or its use of his, her or its own Documents and Information or from disclosing his, her or its own Documents and Information.

IT IS SO ORDERED.

Dated this __19th__ day of __September__, 2016.

BY THE COURT:

__s/ Thomas D. Thalken__
United States Magistrate Judge Thomas Thalken

        OWEN INDUSTRIES, INC.,
        Defendants,


        _/s/ Brian J. Brislen _____
        Brian J. Brislen, #22226
        Robert J. Murray, #12995
        Shivani Sharma, #25959
        Lamson, Dugan & Murray, LLP
        10306 Regency Parkway Drive
        Omaha, Nebraska 68114-3708
        bbrislen@ldmlaw.com
        rmurray@ldmlaw.com
        ssharma@ldmlaw.com
        (402) 397-7300
        (402) 397-7824 (Fax)
        ATTORNEYS FOR DEFENDANT


        JOHN R. SUNDERMAN,
        Plaintiff,

        /s/Robert T. Cannella_____
        Robert T. Cannella, #10579
        Gerald L. Friedrichsen, #15898
        Fitzgerald, Schorr, Barmettler &
         Brennan, P.C., L.L.O.
        10050 Regency Circle, Suite 200
        Omaha, NE 68118- 3794
        (402) 342-1000
        (402) 342-1025 (Fax)
        ATTORNEYS FOR PLAINTIFF

**EXHIBIT "A"**
**NONDISCLOSURE AGREEMENT**

The court case of *John R. Sunderman v. Owen Industries, Inc.*, Case No. 8:15cv-00374, was filed in the United States District Court for the District of Nebraska. I am being given access to certain documents and information pertaining to that lawsuit. I understand that those documents and that information are subject to a Stipulated Protective Order entered by the court in that lawsuit and I acknowledge receiving a copy of that Stipulated Protective Order. I agree that I will not use any of those documents or that information, or disclose any of those documents or that information to other individuals or entities, except as may be allowed by the Stipulated Protective Order. I agree that I will be subject to the jurisdiction of the United States District Court for the District of Nebraska for the purposes of enforcing and remedying any violation of this Nondisclosure Agreement.

Dated: _____

_____
[Signature]

_____

_____
[Address]